IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RANDELL GLEN LAWS, § | |
| (TDCJ-CID #1256902) § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION H-14-2223 |
| § | |
| STATE OF TEXAS, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND OPINION**

Randell Glen Laws, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, sued in August 2014, alleging civil rights violations resulting from an illegal deadly weapon finding. Laws, proceeding pro se and in forma pauperis, sues the State of Texas.

The threshold issue is whether Laws's claims should be dismissed as frivolous. The court concludes that Laws's claims lack merit and should be dismissed for the reasons stated below.

**I.  Plaintiff's Allegations**

On-line research reveals that Laws is serving a life sentence for murder. (Cause Number 993419). He was convicted in Harris County, Texas on August 6, 2004.

Laws complains that the jury never made an affirmative finding of a deadly weapon. He asserts that the judge, acting without authority, entered a deadly weapon finding. As a result, Laws claims that he will be forced to serve a greater portion of his sentence before becoming eligible for release to mandatory supervision. Laws states that he had made repeated efforts to seek post-conviction relief in state court to no avail.

Laws asks this court to remove the affirmative deadly weapon finding and apprise the Texas

Department of Criminal Justice of that fact.

## II.   Discussion

Under 28 U.S.C. § 1915A, federal courts are authorized to review, before docketing, if feasible, or in any event as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001)(citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)(quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

Under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Court must dismiss a complaint brought pursuant to 42 U.S.C. § 1983, when the civil rights action, if successful, would necessarily imply the invalidity of a plaintiff's conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.

In this instance, the crux of Laws's complaint is that his judgment of conviction of murder contains an erroneous affirmative deadly weapon finding. The complaint challenges the validity of

his life sentence. A ruling granting Laws the relief which he seeks would necessarily implicate the validity of his conviction in Cause Number 993419, and inevitably affect the duration of his confinement.

Under *Heck*, Laws must demonstrate that his conviction and sentence have been reversed, invalidated, or expunged prior to bringing an action under § 1983. *Heck*, 512 U.S. at 486-87. Laws cannot make such showing. He has not alleged that his conviction in Cause Number 993419 has been reversed, invalidated or otherwise expunged. Until Laws receives a ruling declaring his sentence invalid, no action will accrue under § 1983. *Id.* at 488-89; *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000), *cert. denied*, 121 S. Ct. 1601 (2001) ("Because [plaintiff] is seeking damages pursuant to § 1983 for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of *Heck*, he is barred from any recovery. . . ."). Laws's claims challenging his conviction for murder are "legally frivolous" within the meaning of sections 1915(e)(2) and 1915A(b). *Hamilton v. Lyons*, 74 F.3d 99, 102-103 (5th Cir. 1996)("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question."). Laws's claims are dismissed with prejudice to them being reasserted when the *Heck* conditions are met. *See Clarke v. Stalder*, 154 F.3d 186, 191 (5th Cir. 1998); *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

## III. Conclusion

Laws's motion to proceed as a pauper, (Docket Entry No. 2), is GRANTED. The action filed by Randell Glen Laws (TDCJ-CID Inmate #1256902) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915A(b)(1).

The TDCJ-CID must deduct twenty percent of each deposit made to Laws's inmate trust

account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED at Houston, Texas, on October 15, 2014.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE

10/14/14 O:\RAO\VDG\2014\14-2223.a01.wpd